IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:21-CV-2859-X-BH |
| ) | |
| UNITED STATES COURT OF APPEALS ) | |
| FIFTH CIRCUIT, et al., ) | |
| Respondents. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on December 15, 2021 (doc. 7). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction, and the petitioner should be **SANCTIONED** and **BARRED** from filing any further challenges to his 1993 convictions and sentences.

### I.   BACKGROUND

Michael Dewayne Whaley (Petitioner), an inmate formerly incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), and who now appears to be on parole, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in Cause No. 91-45041 in the 282nd Judicial District Court of Dallas County, Texas. (*See* doc. 7 at 2.)

In 1991, Petitioner was indicted for aggravated robbery with a deadly weapon/gang in Cause No. F91-45041 in the 282nd Judicial District Court of Dallas County, Texas. *See True Bill*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

of Indictment, *State v. Whaley*, No. F91-45041 (282nd Dist. Ct., Dallas Cnty., Tex. Dec. 10, 1991). After Petitioner waived a jury trial and entered an open plea of guilty, the trial court deferred adjudication and placed him on a 10-year period of probation on June 25, 1992. *See Order of Probation Without Adjudication of Guilt*, *Whaley*, No. 91-45041 (282nd Dist. Ct., Dallas Cnty., Tex. June 25, 1992).

In December 1992, the state filed a motion to proceed with an adjudication of guilt based on Petitioner's alleged violations of several conditions of his probation. *See Motion to Proceed with an Adjudication of Guilt*, *Whaley*, No. 91-45041 (282nd Dist. Ct., Dallas Cnty., Tex. Dec. 2, 1992). Petitioner entered into a plea agreement under which he agreed to plead true to the probation violations, to testify, and to a sentence of 40 years' imprisonment and no probation. *See Plea Bargain Agreement*, *Whaley*, No. 91-45041 (282nd Dist. Ct., Dallas Cnty., Tex. June 9, 1993). On June 9, 1993, he was adjudicated guilty and sentenced to 40 years' imprisonment. *See Judgment Adjudicating Guilt*, *Whaley*, No. 91-45041 (282nd Dist. Ct., Dallas Cnty., Tex. June 9, 1993). During the same proceeding, he was also convicted in Cause Nos. F92-36477, F92-36482, and F93-01488 for engaging in organized criminal activity, aggravated assault, and aggravated robbery, respectively; he was sentenced to 40 years' imprisonment for the engaging in organized criminal activity and aggravated robbery convictions, and to 10 years' imprisonment for the aggravated assault conviction. *See Whaley v. State*, Nos. 11-93-00127-CR, 11-93-00128-CR, 11-93-00129-CR, 11-93-00130-CR, at nn.1-4 (Tex. App.—Eastland Dec. 9, 1993, no pet.); *Judgment on Plea of Guilty or Nolo Contendere Before Court Waiver of Jury Trial*, *State v. Whaley*, No. F92-36477 (282nd Dist. Ct. Dallas Cnty., Tex. June 9, 1993); *Judgment on Plea of Guilty or Nolo Contendere Before Court Waiver of Jury Trial*, *State v. Whaley*, F93-01488 (282nd Dist. Ct., Dallas Cnty., Tex. June 9, 1993).

On December 9, 1993, the state intermediate appellate court affirmed the judgments of the conviction Petitioner is challenging in Cause No. F91-45041, as well as the other three convictions. *See Whaley*, Nos. 11-93-00127-CR, 11-93-00128-CR, 11-93-00129-CR, 11-93-00130-CR (Tex. App.—Eastland Dec. 9, 1993). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

His first state habeas application relating to No. F91-45041, received by the Texas Court of Criminal Appeals on June 16, 1997, was denied without written order on July 23, 1997. *See Ex parte Whaley*, No. WR-34,395-01 (Tex. Crim. App. July 23, 1997). He filed his second, third, fourth, fifth, and sixth state habeas applications challenging the same conviction and sentence in 2006, 2009, 2010, 2011, and 2013, and all were dismissed as subsequent applications under Article 11.07, Section 4 of the Texas Code of Criminal Procedure. *See Ex parte Whaley*, No. WR-34,3995-05 (Tex. Crim. App. Dec. 6, 2006); *Ex parte Whaley*, No. WR-34,395-06 (Tex. Crim. App. June 3, 2009); *Ex parte Whaley*, No. WR-34,395-10 (Tex. Crim. App. Dec. 15, 2010); *Ex parte Whaley*, No. WR-34,395-11 (Tex. Crim. App. January 11, 2012); *Ex parte Whaley*, No. WR-34,395-20 (Tex. Crim. App. Dec. 18, 2013). After his seventh state habeas application, the Texas Court of Criminal Appeals held that Petitioner was abusing the writ by filing repetitive claims and barred his claims from review. *See Ex parte Whaley*, Nos. WR–34,395–23, WR–34,395–24, WR–34,395-25, 2014 WL 5370427, at *1 (Tex. Crim. App. Aug. 20, 2014).

Petitioner filed his first § 2254 petition challenging all four of his June 9, 1993 convictions and sentences on November 10, 1997, and it was denied with prejudice as barred by the statute of limitations on October 27, 1999. *See Whaley v. Johnson*, No. 3:97-CV-2760-D, docs. 10-12 (N.D. Tex. Oct. 27, 1999). Petitioner did not appeal the denial to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). He filed several subsequent § 2254 petitions challenging his

3

conviction and sentence in Cause No. F91-45041, which were transferred to the Fifth Circuit as successive or dismissed for lack of jurisdiction. *See Whaley v. Dretke*, No. 3:05-CV-2538-M (N.D. Tex. Mar. 27, 2006); *Whaley v. Quarterman*, No. 3:09-CV-548-B (N.D. Tex. Apr. 17, 2009); *Whaley v. Quarterman*, No. 3:09-CV-888-B (N.D. Tex. June 2, 2009); *Whaley v. Court of Criminal Appeals*, No. 3:18-CV-144-C-BH (N.D. Tex. Nov. 20, 2018); *Whaley v. Court of Criminal Appeals*, No. 3:19-CV-2392-C-BH (N.D. Tex. Oct. 9, 2019); *Whaley v. State of Texas*, No. 3:20-CV-2795-C-BH (N.D. Tex. Sept. 8, 2020). The Fifth Circuit denied Petitioner authorization to file a successive § 2254 petition challenging any of his 1993 state convictions, warned him about filing repetitive or frivolous challenges to his convictions and sentences, and imposed progressive sanctions. *See, e.g.*, *In re Whaley*, No. 11-10180 (5th Cir. Apr. 28, 2011); *In re Whaley*, No. 18-11503 (5th Cir. Jan. 28, 2019); *In re Whaley*, No. 18-10420, (5th Cir. April 26, 2019); *In re Whaley*, No. 19-11121 (5th Cir. Dec. 3, 2019); *In re Whaley*, No. 20-10924 (5th Cir. Oct. 8, 2020).[2]

Petitioner again challenges his conviction and sentence in Cause No. F91-45041 on the following grounds:

(1) Preponderance Argument: 'Suspension of Probation Sentence,' of Cause No. 91-45041;

(2) Clear and Convincing Argument: 'Violation(s) of Probation No. 91-45041 was/were reversed';

(3) Beyond Reasonable Facts: 'In The Interest of Justice'; and

(4) Due Process Right(s) Violation(s): 'Questionnaire of Reinstatement of No. 91-45041'.

---

2 Petitioner has also attempted to challenge his 1993 convictions in civil actions filed under 42 U.S.C. § 1983. *See Whaley v. Court of Criminal Appeals, et al.*, No. 3:16-CV-3281-C (BH) (N.D. Tex. Sept. 5, 2017); *Whaley v. United States District Court for the Northern District of Texas, et al.,* No. 3:21-cv-01690-E (BT) (N.D. Tex. Sept. 10, 2021).

4

(doc. 7 at 6-7.) He contends that he should not be serving 10 years of probation, and that the state intermediate appellate court reversed his "violation(s) conviction(s)" on "2020, 8th 10 date of Notary." (*Id.* at 3-4, 6-7.) There is no record that any of his June 9, 1993 convictions have been reversed, however, and the state appellate court case numbers cited by Petitioner show that the convictions were affirmed. (*See id.* at 3, 6); *see also Whaley*, Nos. 11-93-00127-CR, 11-93-00128-CR, 11-93-00129-CR, 11-93-00130-CR (Tex. App.—Eastland Dec. 9, 1993); *Whaley v. State*, Nos. 05–13–00077–CR, 05–13–00078–CR, 05–13–00079–CR, 05–13–00080–CR, 2013 WL 309150, at *1 (Tex. App.—Dallas Jan. 25, 2013, no pet.).

## II.   JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76

(distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, noting the similarities to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction and sentence he challenged in a prior federal habeas petition that was denied on the merits.[3] (*See* doc. 7 at 2); *Whaley*, No. 3:97-CV-2760-D at docs. 10-12. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a

---

[3] A dismissal based on the statute of limitations, as in this case, is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See Anders v. Cockrell*, No. 3-02-CV-2513, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) ("A dismissal on statute of limitations grounds is tantamount to a merits ruling.").

6

petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Because of Petitioner's multiple challenges to the same state conviction, and the Fifth Circuit's warnings and sanctions based on his successive § 2254 filings, the petition should be dismissed.

### III. SANCTIONS

As noted, Petitioner has been warned about filing frivolous claims and sanctioned multiple times based on his numerous challenges to his 1993 convictions and sentences. His current § 2254 petition again challenges one of the 1993 convictions and sentences that he has challenged in

several previous cases, and he contends, without support, that the other convictions have been reversed. Because monetary sanctions have been ineffective, Petitioner should be sanctioned and barred from filing any further challenges to ANY of his 1993 convictions and sentences in this court – whether filed in this court, filed in another court and removed or transferred to this court, or filed in a civil non-habeas action – unless he first (1) pays the entire filing fee, (2) demonstrates that he has satisfied all outstanding monetary sanctions against him, (3) presents proof that he has obtained prior authorization from the Fifth Circuit, AND (4) obtains leave of court to file the action from a district judge or magistrate judge through a proper motion for leave to file. Any future submission inconsistent with this bar, either directly or indirectly by removal or transfer, should be docketed for administrative purposes only, and the new case should be closed after docketing a copy of the judgment in this case in that case.

## IV.   RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on December 15, 2021 (doc. 7), should be **DISMISSED** for lack of jurisdiction without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit. Petitioner should be **SANCTIONED** and **BARRED** from filing any further challenges to his 1993 convictions and sentences.

**SIGNED this 5th day of January, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE