UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Case No. 3:21-CV-02859-X-BH |
| § | |
| CLERK OF 282 DIST DALLAS § | |
| COUNTY, ET AL., § | |
| § | |
| *Defendants*. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 11]. No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on December 15, 2021 [Doc. No. 7), will be **DISMISSED** for lack of jurisdiction without prejudice to the petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit by separate judgment.

Because monetary sanctions have been ineffective, the petitioner will also be

1

**SANCTIONED** and **BARRED** from filing any further challenges to ANY of his 1993 convictions and sentences in this court – whether filed in this court, filed in another court and removed or transferred to this court, or filed in a civil non-habeas action – unless he first (1) pays the entire filing fee, (2) demonstrates that he has satisfied all outstanding monetary sanctions against him, (3) presents proof that he has obtained prior authorization from the Fifth Circuit, AND (4) obtains leave of court to file the action from a district judge or magistrate judge through a proper motion for leave to file. Any future submission inconsistent with this bar, either directly or indirectly by removal or transfer, should be docketed for administrative purposes only, and the new case should be closed after docketing a copy of the judgment in this case in that new case.

In accordance with Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the petitioner is **DENIED** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."[1]

---

[1] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

If the petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account

**IT IS SO ORDERED** this 1st day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.